IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SEEMIA Y. S.,[1]
        Plaintiff,

v.                                                Civil Action No. 3:20-cv-745

KILOLO KIJAKAZI,[2]
        Acting Commissioner of Social Security.

**FINAL MEMORANDUM ORDER**

This matter comes before the Court on the plaintiff's objection, (ECF No. 30), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 29). In her objection, the plaintiff Seemia Y. S. asserts that the Administrative Law Judge ("ALJ") relied on an inadequate record to determine that she can "frequently handle, finger, or feel with her bilateral upper extremities." (R. at 14.) Importantly, this objection mirrors the plaintiff's argument for summary judgment. (*Compare* ECF No. 30, at 1–2, *with* ECF No. 22, at 11–13.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. Mar. 13, 2015) (citing *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). To "preserve the district court's role as the primary supervisor of magistrate judges," a party "may raise objections with the magistrate judge's report." *Id.* (citing *Midgette*, 478 F.3d at 621). Accordingly, "objections must be specific and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by their first name and last initial.

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Commissioner Kijakazi as the defendant in this suit.

particularized." *Id.* "[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Id.* (quoting *Abou–Hussein v. Mabus,* No. 2:09–1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd,* 414 F. App'x 518 (4th Cir. 2011)). "The Court may reject perfunctory or rehashed objections to R&R's that amount to 'a second opportunity to present the arguments already considered by the Magistrate–Judge.'" *Hartfield v. Colvin,* No. 2:16cv431, 2017 WL 4269969, at *5 (E.D. Va. Sept. 26, 2017) (quoting *Gonzales-Ramos v. Empresas Berrios, Inc.,* 360 F. Supp. 2d 373, 376 (D. P.R. 2005)).

The plaintiff's objection presents nothing more than a rehashing of the argument that she raised in her motion for summary judgment. The plaintiff contends that because the ALJ found the opinions of the state agency medical consultants unpersuasive as to her manipulative limitations, the ALJ should have solicited other medical opinions on the subject instead of relying on the record before her to conclude that the plaintiff can "frequently handle, finger, or feel with her bilateral upper extremities." (R. at 14.) This is precisely the argument she made in her motion for summary judgment. The Magistrate Judge considered this argument in the R&R and disagreed with the plaintiff's conclusion. Specifically, the Magistrate Judge explained that "sufficient evidence in the record . . . enabled the ALJ to make a disability determination," (ECF No. 29, at 9), and the ALJ "sufficiently identified the evidence that supported her conclusion and built an accurate and logical bridge from that evidence to her conclusion that Plaintiff can only frequently handle, finger, or feel with her bilateral upper extremities," (*id.* at 12.)

Because the plaintiff's objection mirrors her argument for summary judgment—an argument addressed and rejected by the Magistrate Judge—the Court finds *de novo* review unnecessary and reviews the Magistrate Judge's R&R for clear error only. *See Lee v. Saul,* No.

2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019); *see also Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008) (reviewing an R&R for clear error because "[a]llowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'" (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) (second alteration in original)). Having reviewed the record, and finding no clear error, the Court hereby ORDERS that:[3]

(1) The plaintiff's objection to the R&R of the Magistrate Judge, (ECF No. 30), is OVERRULED.

(2) The R&R of the Magistrate Judge, (ECF No. 29), is ADOPTED on the basis of the reasoning of the R&R.

(3) The plaintiff's motion for summary judgment, (ECF No. 21), is DENIED.

(4) The Commissioner's motion for summary judgment, (ECF No. 27), is GRANTED.

(5) The Commissioner's decision is AFFIRMED.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 9 March 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[3] The Court finds that the issues are adequately addressed by the briefs and oral argument would not materially aid the decisional process.